UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEARTIS K.M. CARADINE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEITH FAULDER, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02085-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUESTS TO MAKE AMENDMENTS TO THE COMPLAINT**<br><br>Re: Dkt. Nos. 7, 8 |

## INTRODUCTION

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Mendocino County Superior Court Judge Keith Fauder and the Medical Department at the Mendocino County Correctional Facility ("MCCF"). Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is DISMISSED with leave to file an amended complaint.

Plaintiff has filed two letters requesting to add certain Defendants and make other changes to the complaint[1] (ECF Nos. 7, 8); for the reasons discussed below, these requests are DENIED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---

[1] The Clerk filed these letters as "motions to amend/correct" the complaint.

1  § 1915A(b).  Pleadings filed by parties who are not represented by an attorney must be liberally

2  construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

5  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

6  which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

7  state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

8  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

9  formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

10  be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

11  550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a

12  claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its

13  face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

14  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

16  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

17  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

18  42, 48 (1988).

19  **LEGAL CLAIMS**

20          There are several problems with Plaintiff's complaint.  First, Plaintiff sues Judge Fauder

21  for damages for failing to order jail officials provide Plaintiff medical care.  A state judge is

22  absolutely immune from civil liability for damages for acts performed in his judicial capacity.  *See*

23  *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42

24  U.S.C. § 1983).  Judicial immunity is an immunity from a lawsuit for damages, not just from an

25  ultimate assessment of damages.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Judge

26  Fauder's alleged denial of Plaintiff's request to order jail officials to provide him medical care is

27  an act performed in Judge Fauder's judicial capacity.  *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-

28  13 (1991) (judge's direction to court officers to forcibly bring person before him is function

1  normally performed by judge and taken in aid of judge's jurisdiction over matter before him);
2  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (judge
3  absolutely immune for entering default judgment against prisoner who was not permitted to attend
4  civil trial because entry of default judgment in a pending civil case is unquestionably a judicial
5  act); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452 (9th Cir. 1993) (judge absolutely
6  immune for decision to bar court reporter from continuing to provide services in case over which
7  judge served as special master since said decision was judicial act).  Consequently, Judge Fauder
8  is absolutely immune from civil liability on Plaintiff's claim.  Plaintiff is given leave to amend,
9  below, and if he wishes to include Judge Fauder as a Defendant in his amended complaint, he
10 must allege facts --- provided he can do so in good faith --- that plausibly support an inference that
11 Judge Fauder took actions that were not in his judicial capacity that violated Plaintiff's rights
12 under federal law.

13      The other Defendant in the complaint is the Medical Department at MCCF, which Plaintiff
14 alleges failed to provide him adequate medical care.  Additionally, Plaintiff requests to add the
15 MCCF as a whole as a new Defendant.  (ECF No. 7.)  Local governments are "persons" subject to
16 liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.
17 *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  To establish a municipal
18 government's liability under Section 1983, a plaintiff must show: "(1) that he possessed a
19 constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that
20 this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the
21 policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v.*
22 *Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 389
23 (1989) (internal quotation marks omitted).

24      There are two problems with Plaintiff's claim against the MCCF Medical Department, as
25 well as adding MCCF as a Defendant.  First, neither are a local government entity: MCCF is
26 simply a building, and its Medical Department is simply a department within the jail.  In his
27 amended complaint, Plaintiff may name the County of Mendocino as a Defendant instead because
28 it is a municipal government entity that could be held liable under a *Monell* theory.  The second

problem with this claim is that Plaintiff has not alleged a policy or custom at MCCF that was the moving force behind the failure to provide him with medical care. In his amended complaint, he must allege facts that plausibly support an inference that a custom or policy at MCCF caused him to not receive adequate medical care.

Plaintiff also requests to add as a Defendant his public defender, Douglas Rhoades, whom he alleges "repeatedly failed to remedy" his lack of medical care. (ECF No. 7; No. 1 at 3.) Plaintiff has not alleged facts that plausibly establish that Rhoades, who does not work at the MCCF and is not a medical or supervisory employee, had any authority or ability to secure additional medical care for Plaintiff. To state a cognizable claim against Rhoades in his amended complaint, Plaintiff must allege such facts, provided he can do so in good faith.

Lastly, Plaintiff requests to add Captain Matt Kendall on the grounds that "he is a commander of the sheriff department and does not have a clue nor does anything about the inhumane conditions" at MCCF. (ECF No. 8.) A supervisor, such as Kendall, is only liable for his or her misconduct, not the misconduct of his or her subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). A supervisor also "can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208). If Plaintiff wishes to include Kendall as a Defendant in his amended complaint, he must allege facts that plausibly support an inference that actions or omissions by Kendall caused Plaintiff not to receive adequate medical care.

## CONCLUSION

For the reasons explained above,

1. Plaintiff's requests for amendments to the original complaint are DENIED because the original complaint does not state a cognizable claim for relief, and the requested amendments would not change that.

2. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint on or before **September 30**, **2022**.  The amended complaint must include the caption and civil case number used in this order (No. C 22-2085 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

This order disposes of docket numbers 7 and 8.

**IT IS SO ORDERED.**

Dated: August 26, 2022

JACQUELINE SCOTT CORLEY
United States District Judge